IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 13 C 194 |
| | ) | |
| ADALBERTO SANTIAGO. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Adalberto Santiago's (Santiago) motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Section 2255). For the reasons stated below, the Section 2255 motion is dismissed.

## BACKGROUND

On January 26, 2007, in case number 04 CR 784 a jury convicted Santiago on Counts I and II of the superseding indictment, which charged Santiago with possession with intent to distribute crack cocaine and distribution of crack. Santiago subsequently filed a motion for judgment of acquittal and a motion for new trial, and the motions were denied on February 8, 2008. On March 11, 2010, Santiago was sentenced to a total term of imprisonment of 240 months, and judgment was entered.

1

Santiago filed an appeal, and on August 2, 2011, the Seventh Circuit affirmed the judgment in this case. On January 10, 2012, the Supreme Court denied Santiago's petition for *writ of certiorari*. On January 10, 2013, Santiago filed the instant Section 2255 motion.

## LEGAL STANDARD

Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. The relief sought in a Section 2255 Motion "is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *Id.*

## DISCUSSION

Santiago argues that the court should vacate his sentence and re-sentence him, contending: (1) that he received ineffective assistance of counsel, and (2) that he should be re-sentenced based on a retroactive application of the Fair Sentencing Act of 2010 (FSA). Since Santiago is proceeding *pro se*, the court has liberally construed the Section 2255 motion.

I. Ineffective Assistance of Counsel

Santiago argues that his counsel at trial (Counsel) failed to obtain a proper expert witness to testify at trial relating to the nature to the illegal drugs at issue in this case (Drugs) and that Santiago therefore received ineffective assistance of counsel. To show ineffective assistance of counsel, a petitioner must establish that: "(1) his attorney's performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result." *Wyatt v. United States*, 574 F.3d 455, 457-58 (7th Cir. 2009)(citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)).

    A. Effective Assistance of Counsel

Santiago contends that he "received deficient counsel because [Counsel] did not provide an expert witness that could testify in order to cast doubt on the

3

Government's assertion that the drugs submitted as evidence consisted of crack cocaine and not powder cocaine." (Pet. 11). Santiago points out that his Counsel obtained an expert (Proposed Expert) and intended to present the Proposed Expert's opinion to show that the Drugs were some type of cocaine other than crack cocaine. Santiago argues that if Counsel had obtained an expert who could show that the Drugs were powder cocaine, the advisory guideline range faced by Santiago at sentencing would have been significantly reduced. At trial, the court concluded that the Proposed Expert was not qualified to testify as to the nature of the Drugs. Although the court ultimately found that the Proposed Expert was not qualified to testify as an expert at trial, the court did not conclude that Counsel lacked any legitimate basis to put forth the Proposed Expert or to believe that the Proposed Expert would have been able to testify as an expert. Counsel had a legitimate good faith basis to introduce the Proposed Expert and acted within the scope of reasonable professional conduct in doing so. The mere fact that there is a finding that does not favor the client of an attorney, even on a significant issue, does not necessarily mean that the attorney provided ineffective assistance of counsel. *See Wyatt*, 574 F.3d at 457-58 (stating that a "movant must overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,'" and that the movant "must establish the specific acts or omissions of counsel that he believes

4

constituted ineffective assistance").

In addition, Counsel could have legitimately decided not to pursue an expert witness in this case. After the Proposed Expert was not allowed to testify, Counsel did not seek a reconsideration of the court's ruling and Counsel did not seek time to obtain another expert witness. It was not incumbent on Counsel to obtain an expert and such a strategic decision fell within the range of his professional discretion. *See Valenzuela v. United States*, 261 F.3d 694, 699-700 (7th Cir. 2001)(stating in a case where the petitioner contended that his counsel should have called an expert chemist to testify about the drugs at issue that "[a] lawyer's decision to call or not to call a witness is a strategic decision generally not subject to review"); *Stallings v. United States*, 536 F.3d 624, 627 (7th Cir. 2008)(stating that a court reviewing a Section 2255 motion "shall not second-guess strategic decisions that were arguably appropriate at the time but that hindsight has revealed to be unwise"). The Government had a significant evidentiary burden to meet to show that the Drugs were crack cocaine, and Counsel was able to argue that the Government had not met that burden. Simply because Counsel did not ultimately succeed on that point and the jury agreed with the Government's position does not mean that Counsel was ineffective. Thus, Santiago has failed to show that Counsel acted outside the scope of reasonable professional assistance in representing Santiago.

B. Lack of Prejudice

Santiago has not shown any prejudice resulting from the lack of an expert at trial. There was ample evidence supporting the Government's position as to the nature of the Drugs such as reports from police laboratory tests. Although Counsel attempted to introduce the Proposed Expert at trial, there is no indication in the record that any expert would have been able to materially alter the findings in this case as to the nature of the Drugs.

Nor is there any indication that the finding of the jury as to the nature of the Drugs ultimately prejudiced Santiago at sentencing as he claims. Santiago contends that "[t]he Court indicated that it wanted to sentence Mr. Santiago below the statutory minimum, but Seventh Circuit precedent prevented such an action." (Pet. 14). Santiago takes certain statements out of context that were made by the court at the sentencing hearing, such as that the court was encouraged by Santiago's statement that he wants to educate young people about avoiding crime and wants to become a productive member of society. The court indicated during sentencing the applicable statutory minimum sentence in the case. In addition, pursuant to *Gall v. United States*, 128 S.Ct. 586, 596 (2007), the court first properly calculated the advisory guideline range as required under and then gave the parties an opportunity to make arguments relating to sentencing. The court then sentenced Santiago after a

6

consideration of the statute, the advisory guideline range, and all factors, including the factors under 18 U.S.C. § 3553(a). Therefore, based on the above, Santiago has failed to point to sufficient evidence to support his ineffective assistance of counsel claim.

II. Retroactive Application of FSA

Santiago argues that the court should retroactively apply the FSA to his case. In *Dorsey v. United States,* 132 S.Ct. 2321 (2012), the United States Supreme Court held that the statutory minimums in the FSA only "apply to defendants sentenced after the statute's effective date of August 3, 2010, even if their offense conduct occurred prior to August 3, 2010." *United States v. Foster*, 701 F.3d 1142, 1156 (7th Cir. 2012). Santiago was sentenced on March 11, 2010, long before the effective date of the FSA on August 3, 2010. Santiago argues that "the holding in *Dorsey* encourages expanding retroactive application of" the FSA "to all cases in litigation at the time the FSA went into effect," and that this court should expand the holding in *Dorsey* to hold that the FSA should apply to "all defendants with active cases at the time the President signed" the FSA. (Pet. 16). Santiago contends that "this court and the Seventh Circuit should revisit the issue of applying the FSA to cases that did not exhaust their appeals before the President enacted the FSA." (Pet. 17). Santiago's

7

argument as to such an expansive reading of the holding in *Dorsey* is not persuasive. In addition, Santiago fails to cite to any portion of the holding in *Dorsey* to support his position.

In *Dorsey*, the Supreme Court was concerned with certain limited scenarios relating to the FSA, and the Court made no policy statement supporting a broad retroactive application of the FSA. Specifically, in *Dorsey* the Supreme Court was concerned with "offenders whose unlawful conduct took place before, but whose sentencing took place after, the date that [the FSA] took effect, namely, August 3, 2010," and with "those who committed an offense prior to August 3 and were sentenced after August 3 but before November 1, 2010—a period *after* the new Act's effective date but *before* the new Guidelines first took effect." *Dorsey*, 132 S.Ct. at 2334-35 (emphasis in original). The Supreme Court could have referenced extending the retroactive application of the FSA to cases on appeal when the FSA took effect, as Santiago now proposes, but the Court in *Dorsey* did not do so. Thus, Santiago has not shown that the FSA should be retroactively applied to his sentencing or that his sentence should be vacated. Therefore, based on the above, the Section 2255 motion is dismissed.

## CONCLUSION

Based on the foregoing analysis, the Section 2255 motion is dismissed, and the Clerk of Court is directed to notify Santiago of this dismissal.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 21, 2013